United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, Inc., | NO. C 04-03423 FMS |
|     Plaintiff(s), | **ORDER GRANTING DEFAULT JUDGMENT** |
| v. | |
| CESAR GONZALEZ, | |
|     Defendant(s). | |

    Plaintiff DIRECTV has requested that the Court enter a default judgment against defendant, Cesar Gonzales, pursuant to 18 U.S.C. section 2520 and 47 U.S.C. section 605. The Court finds the criminal case of *United States v. Lande*, 968 F.2d 907 (9th Cir. 1992) instructive in this matter, and awards the plaintiff damages pursuant to 18 U.S.C. section 2520.

    It is undisputed that defendant Gonzalez has failed to oppose the plaintiff's properly served complaint alleging violations of federal statute and state law, specifically the unauthorized interception of electronic communications. A clerk's default was entered against the defendant on December 22, 2004. The default entry deems the allegations of the complaint, pertaining to liability, admitted. *See TeleVideo System, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

    Under 18 U.S.C. section 2520(c)(2), the Court assesses damages to be the greater of the actual damages suffered by the plaintiff or the statutory damages assessed for each violation.

    Although DIRECTV has attempted to estimate its actual damages, such estimates are

United States District Court
For the Northern District of California

1   speculative because the plaintiff cannot determine how many times its communications were
2   intercepted.  Instead, the Court awards statutory damages of $10,000.  This judgment is
3   justified given the 1,425 days the defendants possessed the pirating devices that enabled them
4   to intercept the plaintiffs communications.  Plaintiff's Motion for Default Judgment at 7.
5   Even though plaintiff has not affirmatively proved that the defendants intercepted DIRECTV's
6   programming on each of those days, $10,000 is the presumed damages award for section 2520
7   violations, if damages are awarded at all.  *See Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir.
8   1999); *Directv, Inc. v. Decroce*, 332 F. Supp. 2d. 715, 720 (D. N.J. 2004) (asserting that if
9   damages are awarded under section 2520, the Court cannot award less than $10,000); *but see*
10  *Directv, Inc. v. Carpenter*, U.S. Dist LEXIS 5124 (N.D. Cal. 2005) ("[T]his Court may, in its
11  discretion, refuse to award any damages under § 2520(c)(2), even if there has been a
12  violation...")..

13      The Court does not award damages for each pirating device owned by the defendant.
14  Pursuant to section 2520, the violation appropriate for compensation is the interception of the
15  programming signal, not the possession of a device that allows for the interception.  There is
16  no evidence as to how much, if at all, an unlooper and a reader/writer together increase the
17  amount of interception that might occur.  Thus, the statutory amount of $10,000. is awarded to
18  the plaintiff.  Having granted this amount, the Court finds it unnecessary to reach any other
19  claim for duplicative statutory remedies.
20  //
21  //
22  //
23  //
24  //
25  //
26
27
28

2

The Court also grants the plaintiffs $1,500.00 in attorneys fees. This amount appears sufficient, given the fact that much of the work being done in these cases is repetitive and has taken on a "boilerplate" status. In addition, DIRECTV is entitled to costs pursuant to Rule 54, Fed. R. Civ. P. and is directed to file a Bill of Costs in compliance with the Local Rules of the Court.

**IT IS SO ORDERED**

Dated: ___May 13,___2005          _____/s/_____
                                  FERN M. SMITH
                                  United States District Judge